IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                            :   Chapter 11
                                                  :
PENSON WORLDWIDE, et al.,[1]                      :   Case No. 13-10061 (PJW)
                                                  :
Debtors.                                          :   (Jointly Administered)
                                                  :
                                                  :   Docket Ref. No. 206, 592, 593, 595
                                                  :
------------------------------------------------------------ x

**ORDER: (A) APPROVING DISCLOSURE STATEMENT;
(B) FIXING VOTING RECORD DATE; (C) APPROVING SOLICITATION
MATERIALS AND PROCEDURES FOR DISTRIBUTION THEREOF; (D)
APPROVING FORMS OF BALLOTS AND ESTABLISHING PROCEDURES
FOR VOTING ON PLAN; (E) SCHEDULING HEARING AND ESTABLISHING
NOTICE AND OBJECTION PROCEDURES IN RESPECT OF CONFIRMATION
OF THE PLAN; AND (F) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "**Motion**") of the debtors and debtors in possession in the above-captioned cases (each a "**Debtor**," and collectively, the "**Debtors**") for entry of an order, pursuant to sections 105, 502, 1125, 1126 and 1128 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3001, 3003, 3017, 3018 and 3020 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 3017-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"): (a) approving the *Disclosure Statement with Respect to the Joint Liquidation Plan of Penson Worldwide, Inc., and its Affiliated Debtors* [Docket No. 107] (as the same may be amended, modified, and/or supplemented, the "**Proposed Disclosure**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Penson Worldwide, Inc. (6356); SAI Holdings, Inc. (3657); Penson Financial Services, Inc. (3990); Penson Financial Futures, Inc. (6207); Penson Holdings, Inc. (4821); Penson Execution Services, Inc. (9338); Nexa Technologies, Inc. (7424); GHP1, Inc. (1377); GHP2, LLC (1374); and Penson Futures (6207). The Debtors' mailing address is 800 Klein Road, Suite 200, Plano, Texas 75074.

**Statement**"); (b) fixing a Record Date for purposes of determining which holders of Claims[2] against the Debtors are entitled to vote on the *First Amended Joint Liquidation Plan of Penson Worldwide, Inc., and its Affiliated Debtors* [Docket No. 106] (as the same may be amended, modified, and/or supplemented, the "**Plan**"); (c) approving solicitation materials and procedures for distribution of the Proposed Disclosure Statement and the Plan; (d) approving forms of Ballots and establishing procedures for voting on the Plan; (e) scheduling a hearing and establishing notice and objection procedures in respect of confirmation of the Plan; and (f) granting related relief; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having filed with the Court the Proposed Disclosure Statement and the Plan; and the Court having reviewed the Proposed Disclosure Statement, the Motion, and the responses thereto, if any; and the Court having found and determined that the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein; and sufficient notice of the Motion and the Disclosure Statement Hearing having been given; and no other or further notice being necessary or required; and it appearing to the Court, based upon the full record of these cases, that the Motion should be granted; and after due deliberation, and sufficient cause appearing therefor,

---

[2] Capitalized terms used but not otherwise defined herein shall the meanings that are ascribed to such terms in the Motion.

**IT IS HEREBY FOUND THAT:**

A.   The Debtors have the full organizational authority to propose and prosecute the Plan and Proposed Disclosure Statement.

B.   Notice of the Motion and the Disclosure Statement Hearing Notice were served as proposed in the Motion, and such notice constitutes good and sufficient notice to all interested parties and no other or further notice need be provided.

C.   The period, set forth below, during which the Debtors may solicit acceptances to the Plan is a reasonable and adequate period of time under the circumstances for creditors entitled to vote to make an informed decision to accept or reject the Plan.

D.   The procedures for the solicitation and tabulation of votes to accept or reject the Plan (as set forth in this Order below) provide for a fair and equitable voting process, and are consistent with section 1126 of the Bankruptcy Code.

E.   The notice substantially in the form annexed hereto as Exhibit 1 (the "**Confirmation Hearing Notice**"), the notice substantially in the form annexed hereto as Exhibit 3 (the "**Non-Voting Creditor Notice**"), and the procedures set forth below for providing such notices to creditors and equity security holders of the time, date, and place of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**"), and the contents of the Confirmation Hearing Notice and the Non-Voting Creditor Notice, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties.

F.   The forms of Ballots (including the Master Ballots) annexed hereto as Exhibits 2-A through 2-L are sufficiently consistent with Official Form No. 14, adequately address the particular needs of the Chapter 11 Cases, and are appropriate for each Class of Claims that is entitled to vote to accept or reject the Plan.

**NOW THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. The Motion is granted.

2. The Proposed Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code (as so approved, and as modified or supplemented, the "**Disclosure Statement**").

3. June 10, 2013 is established as the record date (the "**Record Date**") for purposes of this Order and determining which creditors are entitled to vote on the Plan and which entities are entitled to receive notice hereunder.

4. The Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 1, is approved.

5. The Confirmation Hearing shall be held at 10:00 a.m. (prevailing Eastern Time) on July 31, 2013; provided, however, that the Confirmation Hearing may be adjourned from time to time by the Court or the Debtors without further notice at any time prior to the commencement of the Confirmation Hearing.

6. Objections to confirmation of or proposed modifications to the Plan, if any, must: (a) be in writing; (b) state the name and address of the objecting party; (c) state the amount and nature of the Claim or Equity Interest of such party; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, proposed modification to the Plan that would resolve such objection; and (e) be filed, together with proof of service, with the Court and served so that they are received by the parties identified in the Confirmation Hearing Notice and Non-Voting Creditor Notice **no later than 5:00 p.m. (prevailing Eastern Time), on July 24, 2013** (the "**Confirmation Objection Deadline**"). Objections to confirmation of the

Plan not timely filed and served in the manner set forth above shall not be considered by the Bankruptcy Court and shall be overruled.

7. The Debtors shall cause to be served, on or before the Solicitation Commencement Date, the Confirmation Hearing Notice on the Notice Parties.

8. The Debtors shall publish a notice substantially in the form of the Confirmation Hearing Notice at least twenty-eight (28) days before the Confirmation Objection Deadline in the national edition of either the Wall Street Journal or The New York Times. Additionally, the Debtors shall post the Confirmation Hearing Notice electronically on the website of their Claims and Voting Agent at http://www.kccllc.net/penson.

9. The Debtors shall mail or cause to be mailed to holders of Claims entitled to vote on the Plan (the "**Voting Parties**"),[3] on or before the date that is five (5) business days after the entry of this Order (the "**Solicitation Commencement Date**"), a solicitation package (the "**Solicitation Package**"), containing: (i) the Confirmation Hearing Notice, substantially in the form attached hereto as Exhibit 1; (ii) a copy of the Disclosure Statement, together with the Plan, this Order (but excluding the exhibits to this Order) and the other exhibits annexed to the Disclosure Statement (which may be provided on disc in PDF or in paper format); and (iii) the appropriate Ballot to accept or reject the Plan and a self-addressed, return envelope.

10. The Solicitation Packages and the proposed manner of service thereof set forth herein satisfy the requirements of Bankruptcy Rule 3017(d).

---

[3] The Voting Parties consist of holders of Claims in Class 3A (General Unsecured Claims against PWI), Class 4A (Second Lien Note Claims against PWI), Class 5A (Convertible Note Claims against PWI), Class 3B (General Unsecured Claims against PFSI), Class 4B (Subordinated Loan Claims against PFSI), Class 3C (General Unsecured Claims against SAI and PHI), Class 4C (Second Lien Note Guarantee Claims against SAI and PHI), Class 3D (General Unsecured Claims against Nexa), and Class 3E (General Unsecured Claims against remaining Filed Subsidiary Debtors). As set forth in paragraph 19, *infra*, the Intermediaries shall be responsible for delivering Solicitation Packages to the Beneficial Owners for whom they hold the Second Lien Notes and the Convertible Notes.

11. Pursuant to Bankruptcy Rule 3017(d), the Debtors are not required to transmit a Solicitation Package to the Non-Voting Parties or equity security holders. The Debtors shall mail, or cause to be mailed, a Non-Voting Creditor Notice to each Non-Voting Party on or before the Solicitation Commencement Date. The Debtors shall also mail, or cause to be mailed, an Equity Holder Notice to each holder of Equity Interests in PWI on or before the Solicitation Commencement Date.

12. The Debtors shall cause to be served on or before the Solicitation Commencement Date, the Solicitation Packages, Confirmation Hearing Notices, Non-Voting Creditor Notices, and Equity Holder Notices, as applicable, to:

(a) all persons or entities identified on the Debtors' schedules of liabilities filed pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 (as amended or modified prior to the Record Date, the "**Schedules**"), excluding scheduled Claims that have been (i) superseded by a filed proof of claim prior to the Record Date, or (ii) disallowed or expunged;

(b) all parties who filed proofs of claim, as reflected on the official claims register maintained by the Claims and Voting Agent, as of the close of business on the Record Date; and

(c) the assignee of a transferred and assigned Claim (whether a filed Claim or a Claim included on the Schedules) if the transfer and assignment has been noted on the Court's docket and is effective pursuant to Bankruptcy Rule 3001(e) as of the close of business on the Record Date.

13. With respect to addresses from which one or more prior notices served in the Chapter 11 Cases were returned as undeliverable, the Debtors are excused from distributing Solicitation Packages, Confirmation Hearing Notices, Non-Voting Creditor Notices, and Equity Holder Notices, as applicable, to those entities listed at such addresses if the Debtors are unable to obtain accurate addresses for such entities before the Solicitation Commencement Date; provided that, in the Debtors' sole discretion, the Debtor may re-deliver such materials if contacted by such entities and provided an accurate address after the Record Date.

14. The Debtors are excused from re-distributing Solicitation Packages, Confirmation Hearing Notices, Non-Voting Creditor Notices and Equity Holder Notices that are returned as undeliverable; <u>provided</u> that, in the Debtors' sole discretion, the Debtor may re-deliver such materials if contacted by such entities and provided an accurate address after the Record Date.

15. The Debtors shall file the Plan Supplement ten days prior to the Voting Deadline (as hereinafter defined).

16. The Debtors are authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, the Plan Supplement, and related documents (including the notices and ballots annexed hereto) without further order of the Court, including ministerial changes to correct typographical and grammatical errors, and to make conforming changes among the Disclosure Statement, the Plan and any other materials in the Solicitation Packages prior to mailing.

17. July 24, 2013 at 5:00 p.m. (prevailing Eastern Time) is established as the voting deadline (the "**<u>Voting Deadline</u>**") for purposes of this Order and solicitation of votes with respect to the Plan.

18. The Ballots, substantially in the form attached hereto as <u>Exhibits 2-A</u> through <u>2-L</u>, are approved.

19. Except as set forth in Paragraphs 20-22 of this Order, all Ballots must be properly executed, completed, and the original thereof shall be delivered to the Claims and Voting Agent so as to be actually received no later than the Voting Deadline.

20. The Intermediaries shall be responsible for distributing Solicitation Packages to the beneficial holders of Claims in Class 4A (Second Lien Note Claims), Class 5A

(Convertible Note Claims) and Class 5C (Second Lien Note Guarantee Claims). Each Intermediary shall be entitled to receive a reasonably sufficient number of Solicitation Packages to distribute to the Beneficial Owners for which it is an Intermediary, and the Debtors shall reimburse such Intermediary for the reasonable and documented costs and expenses associated with the distribution of such Solicitation Packages and the tabulation of related Ballots. For the avoidance of doubt, the Debtors shall not distribute the foregoing Solicitation Packages (and related Ballots) to the Indenture Trustees (as defined in the Plan), and the Indenture Trustees shall not be responsible for the distribution, completion, tabulation or return of any such Ballots.

21. To be counted as a vote to accept or reject the Plan, holders of Claims in Class 4A (Second Lien Note Claims), Class 5A (Convertible Note Claims), and Class 4C (Second Lien Note Guarantee Claims) must transmit their individual Ballots (each an "**Individual Ballot**," and collectively, the "**Individual Ballots**") directly to their applicable Intermediary on the date and time as the applicable Intermediary shall establish to allow the Intermediary sufficient time to process the Ballots and timely submit them to the Claims and Voting Agent by the Voting Deadline.

22. Each Intermediary shall collect the Individual Ballots submitted by the holders of Claims in Class 4A, Class 5A, and Class 4C for which it acts as an Intermediary, tabulate the votes, and record them on the applicable Master Ballot. Each Intermediary shall submit properly executed and completed Master Ballots so as to be received on or before the Voting Deadline by the Claims and Voting Agent. Each Intermediary must certify that each Beneficial Owner whose Individual Ballot is represented on its Master Ballot has not cast more than one vote with respect to any given Claim for any purpose, including for determining both the number of votes and the amount of the Claims, even if such holder holds securities of the

same type in more than one account. Each Intermediary shall retain each original Individual Ballot that it receives for one (1) year following submission of the Master Ballot.

23. Notwithstanding anything contained herein, the following exceptions shall apply with respect to the voting and tabulation procedures:

(a) If a Claim is deemed allowed under the Plan, such Claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan.

(b) If a proof of claim was timely filed prior to the Record Date in an amount that is liquidated and non-contingent, such Claim shall be deemed allowed for voting purposes only and not for purposes of allowance or distribution, in the amount set forth on the proof of claim.

(c) If a proof of claim has been timely filed prior to the Record Date and such Claim is wholly contingent or unliquidated, such Claim shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, in an amount equal to $1.00.

(d) If a proof of claim has been timely filed prior to the Record Date and such Claim is unliquidated or contingent in part, such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, in the liquidated and non-contingent amount only.

(e) If a proof of claim has not been timely filed prior to the Record Date, or a Claim has not been otherwise Allowed prior to the Record Date, and such Claim is reflected in the Debtors' Schedules and is not listed as contingent, unliquidated or disputed, such Claim shall be allowed for voting purposes only in the amount reflected in the Debtors' Schedules; provided, however, that a party whose claim has been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of such Claim, if any, to accept or reject the Plan.

(f) If a Claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of distribution.

(g) If the Debtors have served an objection or request for estimation as to a Claim at least ten (10) days before the Voting Deadline, such Claim is temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except as ordered by the Court.

(h) For purposes of voting, classification and treatment under the Plan, each entity that holds or has filed more than one (1) Claim, shall be treated as if such entity has only one (1) Claim in each applicable Class (including for purposes of section 1126(c) of the Bankruptcy Code) and the Claims filed by such entity shall be aggregated in each applicable Class and the total dollar amount of such entity's Claims in each applicable Class shall be the sum of the aggregated Claims of such entity in each applicable Class.

(i) The Claims and Voting Agent will not tabulate any Individual Ballots cast in Class 4A, Class 5A and Class 4C, and will only tabulate the timely-submitted Master Ballots in Class 4A, Class 5A and Class 4C.

24. Only the Beneficial Owners of the Second Lien Notes and the Convertible Notes as reflected in the records (the "Notes Record Amount") maintained by their respective Intermediaries as of the close of business on the Record Date shall be entitled to vote. In connection with tabulation of votes of the Beneficial Owners of the Second Lien Notes and the Convertible Notes with respect to the Plan, the following procedures shall apply:

(a) Votes cast by Beneficial Owners through an Intermediary will be applied against the positions held by such entities in the applicable security as of the Record Date, as evidenced by the applicable Indenture Trustee's record and depository listings. Votes submitted by an Intermediary, pursuant to the Master Ballot, will not be counted in excess of the Notes Record Amount of such securities held by such Intermediary.

(b) To the extent that conflicting votes or "overvotes" are submitted by an Intermediary, the Claims and Voting Agent, in good faith, will attempt to reconcile discrepancies with the Intermediaries.

(c) To the extent that overvotes on the Master Ballot are not reconcilable prior to the preparation of the vote certification, the Claims and Voting Agent will apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and reject the Plan submitted on the Master Ballots that contained the overvote, but only to the extent of the Intermediary's position in the applicable security.

25. With respect to Master Ballots submitted by Intermediaries, the following procedures shall apply:

(a) All Intermediaries to which Beneficial Owners return their Individual Ballots shall summarize on the Master Ballot all Individual Ballots cast by Beneficial Owners and return the Master Ballot to the Claims and Voting

            Agent on or before the Voting Deadline; <u>provided, however</u>, that each Intermediary shall be required to retain the original Individual Ballots cast by the Beneficial Owners for inspection for one (1) year following the submission of the Master Ballot.

    (b)    Votes cast by Beneficial Owners through an Intermediary by means of a Master Ballot shall be applied against the positions held by such Intermediary as evidenced by the list of record holders compiled as of the Record Date; <u>provided, however</u>, that votes submitted by an Intermediary on a Master Ballot shall not be counted in excess of the position maintained by such Intermediary as of the Record Date.

    (c)    To the extent that there are overvotes submitted by an Intermediary on a Master Ballot, votes to accept and to reject the Plan shall be applied by the Claims and Voting Agent in the same proportion as the votes to accept or reject the Plan submitted on the Master Ballot that contains the over-vote, but only to the extent of the position maintained by such Intermediary as of the Record Date.

    (d)    Each Beneficial Owner will be deemed to have voted the full amount of its Claim.

26.    Any holder of a Claim who seeks to have its Claim allowed for voting purposes different from that which is established through the procedures set forth in the Motion (as may be modified herein) must file a motion (a "**Claimant Voting Motion**") seeking a hearing to consider the temporary allowance of such Claim for voting purposes only on or before July 10, 2013 at 5:00 p.m. (prevailing Eastern Time). Such Claimant Voting Motion shall set forth with particularity the amount at which such claimant believes its Claim should be allowed, the evidence in support thereof, and whether the claimant votes to accept or reject the Plan.

27.    If a party timely files a Claimant Voting Motion, such party may, after conferring with the Debtors, seek to schedule an expedited hearing before the Court with respect to such motion for a date prior to the Confirmation Hearing.

28.    Any Claim that is the subject of a Claimant Voting Motion shall not be counted for voting purposes, except as ordered by the Court at or prior to the Confirmation Hearing.

29. In the event that a claimant reaches an agreement with the Debtors as to the treatment of its Claim for voting purposes, a stipulation setting forth that agreement shall be submitted to the Court for approval under a certification of counsel after providing a minimum of two (2) business days' notice to the Office of the United States Trustee and the Creditors Committee.

30. The following procedures and general assumptions shall be used in tabulating the Ballots:

(a) Creditors must vote the full amount of their claim within a particular class either to accept or reject the Plan and may not split their vote or partially vote their claims. Accordingly, an individual ballot or multiple ballots with respect to the same claim within a single class (other than Master Ballots) that partially rejects and partially accepts the Plan will not be counted.

(b) Ballots that fail to indicate an acceptance or rejection of the Plan or that indicate both acceptance and rejection of the Plan, will not be counted.

(c) Only ballots that are timely received with signatures will be counted. Unsigned ballots will not be counted.

(d) Ballots received after the Voting Deadline will not be counted, regardless of postmark date.

(e) Ballots which are illegible, or contain insufficient information to permit the identification of the creditor, will not be counted.

(f) Whenever a creditor casts more than one ballot voting the same claim prior to the Voting Deadline, the last valid ballot actually received by the Claims and Voting Agent prior to the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior ballots actually received by the Claims and Voting Agent prior to the Voting Deadline.

(g) If a creditor simultaneously casts two or more inconsistent ballots with respect to the same claim, such ballots shall not be counted.

(h) Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Claims and Voting Agent and the Debtors, which determination shall be final and binding.

(i)    Any Ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code shall not be counted.

(j)    Any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan shall not be counted.

(k)    Any Ballot voting on account of a proof of claim filed after the Record Date that has not been temporarily allowed for voting purposes by order of the Court shall not be counted.

(l)    Ballots cast for Claims listed in the Debtors' Schedules as any or all of: disputed, contingent or unliquidated, for which no corresponding proof of claim was timely filed before the Record Date, shall not be counted for voting or tabulation purposes.

(m)    Except in the Debtors' sole discretion, any Ballot transmitted to the Claims and Voting Agent by facsimile or other electronic means should not be counted.

31.    In the event any Class of Claims or Equity Interests does not have a holder of an Allowed Claim or Allowed Equity Interest or a Claim or Equity Interest temporarily Allowed by the Court as of the date of the Confirmation Hearing, such class or classes will be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and for purposes of determining acceptance or rejection of the Plan by such Class pursuant to section 1129(a)(8) of the Bankruptcy Code.

32.    In accordance with section 1125(e) of the Bankruptcy Code, to the fullest extent permitted by law, none of the Debtors (including their respective directors, officers, employees, shareholders, members, partners, agents, or representatives (including attorneys, accountants, financial advisors, and investment bankers), each solely in their capacity as such) shall have any liability on account of soliciting votes on the Plan or participating in such solicitation, for violation of any applicable law, rule, or regulation governing solicitation of acceptance or rejection of a plan or the offer, issuance, sale, or purchase of securities.

33. The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Order without seeking further order of the Court, including, but not limited to, the making of any payments reasonably necessary to perform the actions and distributions contemplated herein.

34. This Court shall retain jurisdiction with respect to all matters related to this Order.

Dated: Wilmington, Delaware
       June 7, 2013

_____
THE HONORABLE PETER J. WALSH
UNITED STATES BANKRUPTCY JUDGE